In the Matter of the Claim of IRENE L. ZENDZIAN, Appellant, v. BUELL ENGINEERING CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — TAYLOR, J. Appeal by the widow of a deceased employee from a decision of the Workmen's Compensation Board which disallowed her claim for death benefits, the gravamen of which was that excessive mental stress and strain engendered by the employment resulted in her husband's fatal heart attack. In reversing the Referee the board found that any emotional stress to which deceased was subjected was not of such transcendental degree as to satisfy the test of excessiveness (see *Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855) and bore no causal relationship to the death. The medical opinion evidence on the issue of causation was in sharp conflict and the lay proof was subject to divers inferences as to the degree of the emotional strain imposed on decedent by the difficulty and delay in consummating the sale of a piece of costly equipment manufactured by the employer. The evidence which the board chose to accept was neither legally nor factually insufficient to support its findings. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.

MARION ABRAMS, Respondent, v. SUNNYBROOK ACRES, INC., Appellant. — *Per Curiam.* Appeal dismissed, without costs. No appeal lies from an order denying reargument (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5701.23; *Matter of Ryan* v. *MVAIC*, 22 A D 2d 949; *Mitchell* v. *A. A. Truck Renting Corp.*, 21 A D 2d 677). Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MINNIE SORRELL, also known as MILLIE SORRELL, Appellant. — MEMORANDUM BY THE COURT. Determination of appeal withheld and case remitted to the County Court of Sullivan County, for further proceedings consistent with the decision of the Court of Appeals in *People* v. *Huntley* (15 N Y 2d 72). Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.